STATE OF SOUTH DAKOTA, Respondent, v. McNABB, Appellant.

(244 N. W. 651.)

(File No. 7094. Opinion filed October 15, 1932.)

E. E. *Sullivan* and E. B. *Skinner,* both of Sioux Falls, for Appellant.

M. Q. *Sharpe,* Attorney General, and *Harold O. Lovre,* State's Attorney, of Hayti, for the State.

CAMPBELL, P. J. Defendant, while operating an automobile upon the public highways in Hamlin county, collided with another automobile. From injuries resulting from the collision, one of the occupants of the second car died. Defendant was charged with manslaughter in the first degree; the information being in the following form:

"That heretofore, to-wit: on the 30th day of October, 1929, in the County of Hamlin and State of South Dakota, Warren Mc-Nabb, the defendant above named, did commit the crime of manslaughter in the first degree, as follows, to-wit: That Warren McNabb, the Defendant above named, on or about the 30th day of October, 1929, in Hamlin County, South Dakota, and without design to effect death, did then and there carelessly and heedlessly, in willful and wanton disregard of the rights and safety of others and without due caution and circumspection and at an excessive rate of speed and in a manner so as to endanger any person or property, did wilfully and unlawfully and feloniously drive a Dodge Sport Roadster automobile upon the public highways of said County of Hamlin and State of South Dakota, and while the said defendant, Warren McNabb, at said time and place, being engaged in wilfully, knowingly and unlawfully transporting a large quantity of intoxicating liquor, to-wit: 29 gallons of alcohol, upon a public highway in said County of Hamlin and State of South Dakota, in such a manner as to run and crash said Dodge Sport Roadster automobile into one Chevrolet automobile in which one Mrs. Edla Moen was riding and which Chevrolet automobile was lawfully upon said highway at said time and place, thereby fatally injuring said Mrs. Edla Moen in such a manner that she, Mrs. Edla Moen, did die on or about the 30th day of October, 1929, as a direct and approxi-

mate cause of said reckless driving and culpable negligence of said defendant, Warren McNabb, and by reason of all the facts aforesaid, the said defendant, Warren McNabb, thereby committing the crime of manslaughter in the first degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of South Dakota."

Defendant's demurrer to the information was overruled. Defendant pleaded not guilty and moved for change of venue, which motion was denied. Upon trial, defendant was convicted of manslaughter in the first degree, and, from judgment entered accordingly and the denial of his application for new trial, he has appealed to this court.

■ Appellant predicates error upon the refusal to grant a change of venue, claiming that a fair trial could not be had because of the hostile public feeling in Hamlin county arising out of the fact that appellant, while conveying liquor through said county contrary to law, had killed a resident of the county. Various affidavits were filed in support of and in opposition to the motion for change of venue. To recite them here would serve no useful purpose. Appellant at the trial did not exhaust his peremptory challenges in selecting the jury and does not now complain that he did not have a fair jury, nor does he except to any ruling of the court in connection with the selection of a jury. As is true of most matters involving the exercise of the trial court's discretion, the denial of a change of venue usually presents a question not free from doubt and diffculty. We are not convinced, however, upon the record here presented, that the learned trial judge abused a sound judicial discretion in denying appellant's motion. See State v. Meservey, 53 S. D. 60, 220 N. W. 139.

■ Appellant challenges the sufficiency of the information, maintaining that the information either charges no offense at all, or charges two or more offenses "which are not relative crimes or included offenses." While the information may not be deemed a model pleading and doubtless contains much surplus matter, we are clearly of the opinion that it is good as against demurrer.

Appellant questions the sufficiency of the evidence to support the verdict. To recite the evidence in detail in this opinion would not be helpful. We have examined the record carefully, and are

satisfied that it contains sufficient evidence properly admitted · to justify the verdict.

Appellant complains of certain rulings of the trial court as to the admission of evidence, claiming that some evidence was improperly received and that other evidence was improperly rejected. We have reviewed each individual assignment of error going to the matter of rulings upon evidence, and we are convinced that none of such rulings were or could have been prejudicial to the appellant. It is therefore unnecessary to decide whether or not they may have been erroneous.

Appellant likewise bases claim of error upon certain instructions given and certain requested instructions refused. The assignments of error with reference to instructions go, for the most part, to the same. general proposition. The information in this case was predicated upon subdivision 1, § 4020, Rev. Code 1919, which provides that homicide shall be manslaughter in the first degree "when perpetrated without a design to effect death by a person while engaged in·the commission of a misdemeanor." Appellant maintains that, under this statute, it is essential that the misdemeanor or the commission thereof be the actual proximate cause of the death, and in this contention we think appellant is right. Appellant argues that the case was tried and submitted on the theory that the mere fact that the appellant happened to be transporting liquor was sufficient foundation for a conviction of first degree manslaughter. We do not think the instructions as given are susceptible of that interpretation. Appellant requested an instruction, bottomed apparently upon the case of People v. Harris, 214 Mich. 145, 182 N. W. 673, 675, 16 A. L. R. 910, in which case the court said:

"The trial court limited consideration of the proof that defendant was engaged in unlawful transportation of liquor to the question of whether or not his criminal conduct in that particular so affected his mind as to stimulate or induce wanton negligence in recklessly driving his car as claimed, thereby showing its causal connection with the killing.

"On that subject the court charged the jury as follows: 'I have already charged you that defendant, if found guilty, must be found guilty of gross and culpable negligence in striking and kill-

ing Miss Cusino, and that such gross and culpable negligence in driving and managing his automobile was the proximate cause of Miss Cusino's death. * * * Gentlemen of the jury, there has been some testimony introduced here in reference to the defendant's automobile containing whisky. That testimony was admitted, not for the purpose of proving the guilt of the defendant on the charge here made against him, but was introduced as bearing upon the question of negligence. If the defendant knowingly had in his automobile a quantity of liquor which he was transporting from Toledo, Ohio, to Detroit, Mich., he would be guilty of a felony under the laws of Michigan, and he would also be guilty of an offense under the laws of the United States. And while the fact, if you find it to be a fact, that he had whisky in his automobile is no evidence of his guilt, and is not to be considered in this light, yet you may consider it as bearing upon his negligence. It is the theory of the prosecution that the defendant was violating the statute referred to and transporting liquor illegally, and was hurrying through the county of Monroe with his illegal load of liquor. This theory of the prosecution must also be proven to the jury beyond a reasonable doubt before the jury can consider the carrying of the liquor as having had anything to do with the accident. In any event, and even though the defendant was knowingly carrying the liquor, he must be found to have driven his machine at the place of the accident with gross and culpable neglect, and that the accident occurred from such gross and culpable neglect.'

"Under the circumstances of this case proof that defendant was engaged in perpetrating a criminal act with the very agency by which he caused the accidental death was competent for the purpose to which the court carefully limited it in a very plain and fair charge, fully protecting the rights of the accused."

The request of appellant in the instant case was as follows:

"I charge you that defendant, if found guilty, must be found guilty of gross and culpable negligence in striking and killing Mrs. Moen, and that such gross and culpable negligence in driving and managing his automobile was the proximate cause of Mrs. Moen's death. Gentlemen of the jury, there has been some testimony introduced here in reference to the defendant's automobile containing intoxicating liquor. That testimony was admitted, not for the pur-

pose of proving the guilt of the defendant on the charge here made against him, but was introduced as bearing upon the question of negligence. If the defendant knowingly had in his automobile a quantity of liquor, which he was transporting he would be guilty of a misdemeanor under the laws of South Dakota, and while the fact, if you find it to be a fact, that he had intoxicating liquor in his automobile, is no evidence of his guilt, and is not to be considered in this light, and you may consider it as bearing upon his negligence. It is the theory of the prosecution that the defendant was violating the statutes referred to and transporting illegally and was hurrying through the county of Hamlin with his illegal load of liquor. This theory of the prosecution must also be proven to the jury beyond a reasonable doubt, before the jury can consider the carrying of liquor as having anything to do with the accident in any way, and though the defendant was knowingly carrying the liquor, he must be found to be driving his automobile at the place of accident with gross and culpable negligence, and that the accident occurred from such gross and culpable negligence."

The learned trial judge refused the request, stating that he was of the opinion that the law applicable to the question therein dealt with was fully covered by the instructions prepared and given of the court's own motion. On this phase of the case the court of its own motion instructed the jury as follows:

"You are instructed that under the laws of this state any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of a misdemeanor. Therefore, if the State has proven to your satisfaction beyond all reasonable doubt; that the defendant at the time and place charged in the information caused the death of said Edla Moen, and that he was at said time wilfully driving his motor vehicle upon the highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others or without due caution and circumspection and at a rate of speed or in a manner so as to endanger or be likely to endanger any person or property, then it will be your duty to find the defendant guilty of manslaughter in the first degree. * * *

"The Court further instructs the jury that the law of this State provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible, and that the law provides that any failure to do so constitutes a misdemeanor. You are therefore instructed that if the defendant caused the death of the said Edla Moen at the time and place mentioned in the information and caused the same by failing to pass to the right of the car in which said Edla Moen was at said time riding, and that her death was so caused by reason of the failure of said defendant to pass to the right of said car, and that his failure to so pass to the right of such car was due either to his carelessness or wanton disregard of the rights of others, then it will be your duty to find him guilty of manslaughter in the first degree. * *. *

"You are further instructed that the transportation or carrying of intoxicating liquor in motor vehicles or otherwise, in this state, constitutes a misdemeanor; and the term intoxicating liquor as the same is used in the law includes alcohol, whiskey, wine, beer, and any and all mixtures containing alcohol which are capable of being used as a beverage. If the State has proven to your satisfaction beyond all reasonable doubt that the defendant caused the death of said Edla Moen at the time and place mentioned in the information and has further proved to your satisfaction, beyond all reasonable doubt, that at said time said defendant was engaged in the misdemeanor of transporting liquor, then you may consider whether the commission of that misdemeanor by the defendant caused such death. It is the theory of the prosecution that the defendant was driving carelessly and at a high rate of speed in order to transport this liquor, and that by reason of the manner in which said defendant so operated his car for such purpose the said Edla Moen was killed. If the evidence produced satisfies you beyond all reasonable doubt of these matters, then you should find the defendant guilty of manslaughter in the first degree. Unless, however, you find beyond all reasonable doubt that the transportation of this liquor was connected with the cause of the death of said Edla Moen, then you should not further consider the matter of such transportation of liquor."

We think the instructions as given (whether entirely correct or not) were substantially in accord with appellant's requested instructions, and were not likely to be interpreted or construed otherwise by the jury. The instructions follow substantially the rule announced by the Michigan court, which appellant was apparently willing to have adopted as the measure of his rights on the point involved.

A detailed examination of all the assignments of error urged by appellant failing to exhibit any prejudicial error upon the record as made and presented herein, it follows that the judgment and order appealed from must be and they are affirmed.

All the Judges concur.